UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMARI J. MOODY,

                          Plaintiff,

          -against-

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

                          Defendant.

---

25 Civ. 10720 (JHR)

ORDER OF SERVICE

JENNIFER H. REARDEN, District Judge:

Plaintiff, appearing *pro se*, brings this action for violations of the Employment Retirement Income Security Act of 1974 ("ERISA").[1]  By order dated January 13, 2026, ECF No. 6, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without the prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

---

[1] On January 13, 2026, the case was assigned to this Court as related to *Moody v. Sedgwick Claims Mgmt. Svcs., Inc.*, No. 25-CV-8671 (JHR).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).[3]

To allow Plaintiff to effect service on Defendant Cigna Health and Life Insurance Company through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request such an extension).

**Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so**.

### CONCLUSION

The Clerk of Court is instructed to: (1) issue a summons for Defendant Cigna Health and Life Insurance Company, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service; and (2) mail an information package to Plaintiff.

SO ORDERED.

Dated:    January 15, 2026
          New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

---

[3] Plaintiff has not provided an address for service on Defendant, which is Plaintiff's responsibility.  If service cannot be effected at the publicly available address included herein, Plaintiff will be required to identify an address for service.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Cigna Health and Life Insurance Company
      140 East 45th Street
      New York, NY 10017