UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>-against-<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>Defendant. | 25 Civ. 8671 (JHR) |
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>-against-<br><br>THE MOUNT SINAI HOSPITAL, ET AL.,<br><br>Defendants. | 25 Civ. 8859 (JHR) |
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>-against-<br><br>UNUM GROUP, ET AL.,<br><br>Defendants. | 25 Civ. 9787 (JHR) |
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>-against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | 25 Civ. 10720 (JHR)<br><br><u>ORDER</u> |

JENNIFER H. REARDEN, District Judge:

Plaintiff filed these actions *pro se* in October, November, and December 2025.[1] The cases were referred to Magistrate Judge Valerie Figueredo for general pretrial management and reports and recommendations on dispositive motions. ECF No. 11. On February 10, 2026, after addressing more than fifteen submissions across these actions, the Court cautioned Plaintiff that, "if he file[d] any additional frivolous or otherwise non-meritorious submissions in these cases, the Court w[ould] direct him to show cause why the Court should not bar him from filing any future submissions without leave of Court." ECF No. 55. On March 13, 2026, Judge Figueredo issued an order to show cause noting Plaintiff's "practice of filing repetitive, non-meritorious motions" in the four cases before this Court and in his thirteen other cases that were pending in this District at that time. ECF No. 71 (also observing that Plaintiff had filed "three more non-meritorious motions" "[i]immediately after" the court "warned Plaintiff" not to do so). Plaintiff now has 22 cases pending in this District. Judge Figueredo ordered Plaintiff to "show cause," by March 27, 2026, "why he should not be required, under 28 U.S.C. § 1651, to seek leave of Court before he [ ] file[d] documents" in the above-captioned cases. *Id.* at 3. Plaintiff did not file anything in response to the Order.

Moreover, since Judge Figueredo issued the March 13, 2026 order to show cause, Plaintiff has continued to make non-meritorious submissions in each of the above-referenced cases on a regular basis. *See*, *e.g.*, ECF No. 78 (motion to strike); 79 (consolidated notice of procedural violations); 81 (notice of discrepancy of defense counsel); 83 (consolidated notice of procedural violations). Since June 19, 2026, Plaintiff has also sent the Court more than ten

[1] All ECF citations are to the docket of *Moody v. Sedgwick Claims Management Services, Inc.*, No. 25 Civ. 8671.

separate emails attaching additional filings (including additional Rule 72(a) objections and motions to address docketing deficiencies), which have now been docketed. *See e.g.*, ECF Nos. 100-102.

Accordingly, the Court issues this bar order. The Court hereby bars Plaintiff from filing submissions in these four actions—Nos. 26 Civ. 8671 (JHR), 25 Civ. 9787 (JHR), 25 Civ. 8859 (JHR), and 25 Civ. 10720 (JHR)—without prior permission from the Court, with the exception of documents directed to the Second Circuit. *See* U.S.C. § 1651. The Court will continue to review Plaintiff's submissions. The Court will not act, however, on any submission or request that Plaintiff files without seeking permission from the Court, with the exception of documents directed to the Second Circuit, and will direct the Clerk of Court to terminate on the docket any motion event arising from such a filing. *See Ratcliff v. Greyhound Lines, Inc.*, No. 18 Civ. 9672 (LLS), 2018 WL 10945322, at *4 (S.D.N.Y. Nov. 20, 2018) ("[F]iling bar was issued because of Plaintiff's history of nonmeritorious litigation."), *aff'd sub nom. Ratcliff v. Greyhound Bus Lines, Inc.*, 792 F. App'x 121 (2d Cir. 2020). If Plaintiff seeks permission to file in compliance with this Order, and if the Court determines that the filings are frivolous or lack merit, then the Court will (1) summarily deny the relief sought in the filing, except insofar as it seeks transmission of material to the Second Circuit; and (2) direct the Clerk of Court to terminate on the docket any motion event arising from the filing.

As for Plaintiff's pending requests, "the volume and pace of Plaintiff's filings ha[ve] made it impracticable for Defendants to adequately reply to, or the Court to address, those filings in a timely fashion." *De Oliveira v. Tenet Healthcare*, No. 25 Civ. 1683 (VSB), ECF No. 146, at *3 (S.D.N.Y. Apr. 30, 2025). "This litigation approach unfairly monopolizes judicial resources and delays progress in these [] cases." *Id.* "Further, many of these filings appear to be frivolous,

vexatious and/or duplicative on their face and seek relief to which Plaintiff is not procedurally entitled at this stage of the litigation." *Id.*; *see also* ECF No. 69 (warning Plaintiff that "continued abuse of the judicial process could lead to sanctions").

The Clerk of Court is directed to terminate the following motions in each case:

- *Moody v. Sedgwick Claims Management Services, Inc.*, No. 25 Civ. 8671
  - ECF Nos. 64, 68, 78, 84, 93, 95, 97, 98, 101, 102

- *Moody v. Unum Group, et al*, No. 25 Civ. 9787
  - ECF Nos. 47, 54, 55, 56, 58, 63

- *Moody v. Cigna Health and Life Insurance Company*, No. 25 Civ. 10720
  - ECF Nos. 50, 51, 55, 61

- *Moody v. The Mount Sinai Hospital et al*, No. 25 Civ. 8859
  - ECF Nos. 52, 53, 57, 63, 64, 71, 80

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 9, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge